# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

TECHNICAL PRODUCTS, INC.,

    Plaintiff,

v.

BELLSOUTH TELECOMMUNICATIONS, LLC, d/b/a AT&T GEORGIA,

    Defendant.

CIVIL ACTION NO.
1:17-CV-02996-RWS

## **ORDER**

This case comes before the Court on Defendant's Motion to Compel Arbitration [8]. After reviewing the record, the Court enters the following Order.

## **Background**

This case arises out of a business relationship between Plaintiff Technical Products, Inc. and Defendant BellSouth Telecommunications, LLC. Defendant provides both telephone and internet services to Plaintiff. As alleged in the Complaint, in an attempt to upgrade Plaintiff's service, Defendant caused a phone, fax, and internet outage for twelve days beginning September 12, 2016. (Compl., Dkt. [1-1] ¶ 17.) The service outage continued

intermittently through December 2016. (Id. ¶ 2.) Plaintiff seeks to recover damages incurred due to the service outage.

Plaintiff has entered into several contracts with Defendant throughout their relationship. First, in 2007 Plaintiff signed a Complete Choice for Business contract for discounted telephone services. (Decl. of Paige Harris, Dkt. [8-4] ¶ 6.) In 2013, Plaintiff ordered a new telephone-service product package called "All for Less." (Decl. of Barbara Jablonski, Dkt. [8-3], ¶ 6–7.) An order confirmation email, which included a link to the "AT&T Business Service Agreement," was sent to Plaintiff. (Id.) Defendant sent a notice in September 2015 of changes to the Business Services Agreement, which went into effect November 10, 2015. (Id. ¶ 9.) Finally, in 2013 Plaintiff completed an internet-service registration process when it ordered internet service from Defendant. (Decl. of Chris Cooper, Dkt. [8-2] ¶ 6.) In registering, Plaintiff checked a box stating "I have read and agree to the AT&T Terms of Service." (Id. ¶ 9(c).)

Each of these contracts contained arbitration provisions, which Defendant seeks to enforce here. As to the agreements for telephone services, Plaintiff argues that it did not assent to the arbitration provisions. As to the

2

agreement for internet services, Plaintiff does not dispute the validity of the arbitration provision, instead arguing that it applies only to disputes relating to the internet services provided.

As an initial matter, Defendant's Motion to Permit Redaction of Exhibits in Support of Motion to Compel Arbitration [9], Defendant's Motion to Permit Redaction of Exhibit in Support of Reply in Support of Motion to Compel Arbitration [14], and Plaintiff's Consent Motion for Extension of Time [16] are **GRANTED**.

## Analysis

Defendant moves to enforce the arbitration provisions of their contracts with Plaintiff pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, which "embodies a 'liberal federal policy favoring arbitration agreements.'" Hill v. Rent-A-Center, Inc., 398 F.3d 1286, 1288 (11th Cir. 2005) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)). It's goal is to move "the parties to an arbitrable dispute out of court and into arbitration as quickly as possible." Moses, 460 U.S. at 22. The FAA establishes that "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether

3

the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Id. at 24–25.

Plaintiff agrees that it is subject to a binding arbitration provision for its claims relating to Defendant's failure to provide internet services. (Br. in Opp'n to Mot. to Compel Arbitration, Dkt. [10], at 13.) Defendant's Motion to Compel Arbitration [8] is therefore **GRANTED** insofar as it relates to Plaintiff's claims regarding internet services.

The parties dispute, however, whether Plaintiff's claims regarding telephone services are also subject to an arbitration provision. Defendant offers two arguments in favor of arbitration. First, it argues that the arbitration provision in the agreement for internet services applies to all of Plaintiff's claims, not just those arising out of that specific contract. While Plaintiff does not dispute that it is bound by this arbitration provision, it does argue that it does not extend to claims arising out of other agreements between the parties. Second, Defendant argues that the agreements for telephone services also incorporate arbitration provisions. Since the Court finds that the arbitration provision in the agreement for internet services applies broadly to the entirety of Plaintiff's claims, it will only address the first of Defendant's theories.

4

"To determine what disputes the parties agreed to arbitrate, we begin, as we must, with the language of the applicable arbitration provision, keeping in mind 'that any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration[.]'" World Rentals & Sales, LLC v. Volvo Const. Equip. Rents, Inc., 517 F.3d 1240, 1245 (11th Cir. 2008) (quoting Klay v. All Defendants, 389 F.3d 1191, 1201 (11th Cir. 2004)). The arbitration provision in the agreement for internet services states:

> AT&T and you agree to arbitrate **all disputes and claims** between you and AT&T. This arbitration agreement does not include claims against Yahoo, or claims against AT&T or Yahoo that are based in whole or in part on the Site. This agreement to arbitrate is intended to be broadly interpreted. It includes, but is not limited to:
> - claims arising out of or relating to any aspect of the relationship between us, whether based in contract, tort, statute, fraud, misrepresentation or any other legal theory;
> - claims that arose before this or any prior Agreement (including, but not limited to, claims relating to advertising);
> - claims that are currently the subject of purported class action litigation in which you are not a member of a certified class; and
> - claims that may arise after the termination of this Agreement.

(Decl. of Chris Cooper, Dkt. [8-2], at 24–25 (emphasis in original)).

The language of this provision is unambiguously broad. It applies to "all

disputes and claims between [Plaintiff] and AT&T." (Id. at 24.) Nothing in the provision's language suggests that it is limited to those disputes or claims arising only out of this contract. The Court therefore finds that this arbitration provision applies to Plaintiff's claims relating to its telephone service. See Bd. of Trs. of the City of Delray Beach Police & Firefighters Ret. Sys. v. Citygroup Glob. Mkts., Inc., 622 F.3d 1335, 1343 (11th Cir. 2010) ("There also is nothing unusual about an arbitration clause, especially in an account agreement, that requires arbitration of all disputes between the parties to the agreement. We have enforced such a clause before because it evinced a clear intent to cover more than just those matters set forth in the contract." (internal quotation and alteration omitted)).

The Eleventh Circuit's decision in Klay v. All Defendants, 389 F.3d 1191 (11th Cir. 2004), is not to the contrary. Plaintiff argues that under Klay, an arbitration provision in one contract cannot cover claims not the subject of that particular contract. It's holding, however, is not so broad. Klay instead holds that "[b]ecause arbitration can only be compelled when the subject of the dispute has been agreed to be settled by arbitration, having one contract which contains a broad arbitration agreement *does not necessarily mean* that

6

arbitration can be compelled when the subject of the dispute arises from a separate contract which does not have an arbitration clause." Id. at 1201 (emphasis added). Here, the plain language of the arbitration provision shows that the parties agreed to settle by arbitration "all disputes and claims" between them. See also Bd. of Trs. of the City of Delray Beach Police & Firefighters Ret. Sys., 622 F.3d at 1343 (enforcing, post Klay, an arbitration agreement covering all disputes between the parties).

In light of the broad language of the arbitration provision in the agreement for internet services, and the federal policy strongly in favor of arbitration, the Court will compel the parties to arbitrate all claims. Defendant's Motion to Compel Arbitration [8] is therefore also **GRANTED** insofar as it relates to Plaintiff's claims regarding telephone services.

## Conclusion

In accordance with the foregoing, Defendant's Motion to Compel Arbitration [8], Defendant's Motion to Permit Redaction of Exhibits in Support of Motion to Compel Arbitration [9], Defendant's Motion to Permit Redaction of Exhibit in Support of Reply in Support of Motion to Compel Arbitration [14], and Plaintiff's Consent Motion for Extension of Time [16] are

7

**GRANTED**. This case is **ADMINISTRATIVELY CLOSED** pending the outcome of the arbitration.

**SO ORDERED**, this 12th day of July, 2018.

_____
**RICHARD W. STORY**
United States District Judge